## 58174. DOKE v. DOVER ELEVATOR COMPANY.

SMITH, Judge.

Appellant Doke contends the trial court erred in granting appellee's motion for a directed verdict. We agree and reverse.

On November 8, 1974, appellant was working on the Jones Medical-Surgical Building construction project in Milledgeville as an employee of Ranger Construction Company, the general contractor on the project. Appellee was the subcontractor responsible for installing elevators. On the above date, appellant fell into a vent

hole in the top of an elevator shaft and suffered the injuries for which he brought this suit.

Ranger had constructed the elevator shaft and the vent hole, and, at some time after finishing, had nailed plywood over the hole. At the time of appellant's fall, the plywood sheet was no longer fastened but was in place over the hole. The 2-1/2-foot-square vent hole was located on the penthouse floor, which all the contractors were using as a storage area and over which were strewn many sheets of plywood and various other building materials and scraps. The floor was dimly lighted, and there were no barricades or posted warnings pertaining to the vent hole. Appellant picked up the loose plywood sheet, planning to use it elsewhere, and accidentally stepped into the hole. Of course, he did not know of the hole's existence.

There was testimony that appellee had on occasion hauled materials up the shaft, by means of a pulley located over the vent hole. However, there was no testimony as to exactly when appellee had done so. No direct evidence was adduced identifying the party responsible for unfastening the plywood. The evidence did not indicate appellee actually knew the plywood sheet had been unfastened. Along with appellee, there were two other subcontractors working on the hospital project.

Relying on *Chambers v. Peacock Const. Co.,* 115 Ga. App. 670 (155 SE2d 704), affirmed by *Peacock Const. Co. v. Chambers,* 223 Ga. 515 (156 SE2d 348) (1967), the trial court granted appellee's motion for directed verdict. That case involved demurrer practice and held that, under the facts alleged in the complaint, the plaintiff could not recover since he was at most a licensee in relation to the defendant elevator subcontractor. The plaintiff in *Chambers* was a retail hardware supplier who, pursuant to the general contractor's order, was delivering materials and supplies to the job site of a building being constructed. Plaintiff entered the building and, while searching for the superintendent of the general contractor, fell into an elevator shaft. The court concluded that plaintiff, as a mere licensee to the subcontractor, could recover from him only for wilful and wanton negligence and that, since the complaint alleged only negligence on part of the subcontractor, it was properly

dismissed on demurrer. We find that case to be inapposite.

In the instant case, the plaintiff-appellant was laboring contemporaneously with, in conjunction with and toward the same end as appellee. Further, the evidence put forth at trial showed that appellant, like the other laborers on the project, had a right to be on and frequented the penthouse floor. We hold that, respecting the vent hole into the elevator shaft, appellee owed all construction workers on the job site the duty to exercise reasonable care in their protection. "Where a man is employed to do certain work, and knows that the work which he is doing is dangerous to others, and that accidents are likely to happen, and knows that other persons are lawfully engaged in other work, and are under an obligation to perform such work, the person engaged in the dangerous work is subject to the duty of using reasonable care, and taking precautions to prevent accidents arising from the work in which he is engaged." Thrussell v. Handyside & Co., 20 Q. B. Div. 359, 363 (1888). "Where several persons are engaged in the same work, in which the negligent or unskilful performance of his part by one may cause danger to the others, in which each must necessarily depend for his safety upon the good faith, skill and prudence of each of the others in doing his part of the work, then it is the duty of each to the others engaged in the work to exercise the care and skill ordinarily employed by prudent men in similar circumstances." Griffiths v. Wolfram, 22 Min. 185, 187 (1875). "The respondent [subcontractor] was under a duty to exercise reasonable care not to cause injury to the employees of others, including the employees of the general contractor . . ." Killian v. Wheelco Engineering Co., 350 SW2d 759, 762 (Mo. SC, 1961). "Where two or more independent contractors, or a general contractor and one or more subcontractors, are engaged in work on the same premises, it is the duty of each contractor, in prosecuting his work, to use ordinary and reasonable care not to cause injuries to the servants of another contractor." 57 CJS 381, Master and Servant, § 610. Accord, Tapia &c. Co. v. Panhandle Steel Erectors Co., 78 N. M. 86 (428 P2d 625) (1967); Snelling v. Harper, 137 SW2d 222 (Tex. Civ. App., 1940); Smith v. Brady, 121

NYS 474 (1910). See *Queen v. Craven,* 95 Ga. App. 178 (3) (97 SE2d 523) (1957) and *Tect Const. Co. v. Frymyer,* 146 Ga. App. 300 (246 SE2d 334) (1978).

At the time of the accident with which we are concerned, appellee was engaged in its business of installing elevators for the hospital project. While so engaged, appellee owed its fellow worker, appellant, the duty of using reasonable care to assure his safety while he worked near the elevator shaft. Whether appellee was negligent in failing to secure the hole or take other action was a jury matter.

The possibility that appellant's employer, the general contractor, might also have been at fault, does not absolve appellee; here proximate cause was a factual issue. " 'There may be more than one proximate cause of an injury . . . It is no defense to an action for an injury resulting from negligence that the negligence of a third person contributed to cause the injury, if the negligence of the defendant was an efficient cause without which the injury would not have occurred.' " *Ponder v. McKinzie,* 89 Ga. App. 846, 850 (81 SE2d 551) (1954). Further, it was also a matter for the jury as to whether appellant was guilty of contributory negligence.

*Judgment reversed. Quillian, P. J., and Birdsong, J., concur.*

ARGUED JULY 10, 1979 — DECIDED NOVEMBER 7, 1979 —
REHEARING DENIED NOVEMBER 21, 1979.

*Thomas J. Phillips, Jr., A. C. Martinez, Jr.,* for appellant.

*Michael G. Frick,* for appellee.