69077. SOUCY et al. v. ALEXANDER.
(323 SE2d 662)

BANKE, Presiding Judge.

Appellant Charles B. Soucy, a sheetrock subcontractor, visited a residential construction site where appellee David Alexander, another subcontractor, was engaged with his two employees in a process known as taping and finishing sheetrock. Soucy had been engaged in the sheetrock trade for about 20 years and had previously employed and trained Alexander. Soucy's ostensible purpose for visiting the site was to determine when Alexander would complete his work, thus enabling Soucy to commence the final sheetrock phase of "texturing" the ceilings. After determining that Alexander would be working on the project for another two days, Soucy voluntarily demonstrated the proper usage of a device known as a "bazooka," which was used for

applying sheetrock "mud," or joint compound, which is mixed with water in 5-gallon buckets. After Soucy completed this demonstration, he returned the "bazooka" to the mixing area, near the center of the room, then slipped and fell a few feet from that area.

It is undisputed that small amounts of "mud" are routinely spilled during the process of mixing, taping, and finishing sheetrock and that this substance is quite slippery before it dries. Although Alexander denied knowing that "mud" had been spilled, he conceded that Soucy probably slipped on "mud" which had been spilled by one of his employees during the mixing process. Soucy testified that in training Alexander, he had instructed him that sheetrock "mud" should be picked up as soon as it is spilled and that this is a standard practice in the trade. Alexander stated that his workers would not ordinarily have stopped working to pick up a small amount of spilled "mud" but would have picked up a quantity as large as a "fistful" had its presence been known. There is no evidence that Alexander or any of his employees were aware of the spillage prior to Soucy's fall. It appears that Alexander and his crew had been working in the room no more than 10 minutes prior to the incident.

This action was brought by Soucy and his wife against Alexander to recover damages for the injuries Soucy sustained as a result of the fall. The appeal is from the trial court's grant of summary judgment to Alexander. *Held*:

A building contractor or subcontractor has a duty, in prosecuting his work, to use ordinary care not to cause injuries to others engaged in work on the same premises. *Doke v. Dover Elevator Co.*, 152 Ga. App. 434 (263 SE2d 209) (1979). However, just as in any other negligence action, a breach of such duty will not give rise to liability to a plaintiff who could have avoided injury to himself by the exercise of ordinary care. See generally OCGA § 51-11-7. Furthermore, "[o]ne who is familiar with the premises cannot rely for recovery upon the negligence of the defendant in failing to correct a patent defect where such party had equal means with the defendant of discovering it or equal knowledge of its existence." *Barrow v. James*, 107 Ga. App. 377, 378 (130 SE2d 352) (1963).

Soucy, an experienced sheetrock worker, admitted being aware that slippery sheetrock "mud" was likely to be present on the floor of a construction site where it was being mixed and applied. Although the issue of the plaintiff's exercise of due diligence for his own safety is ordinarily reserved for the jury, it may be summarily adjudicated where the plaintiff's knowledge of the risk is clear and palpable. Accord *Harris v. Star Svc. &c. Co.*, 170 Ga. App. 816 (318 SE2d 239) (1984); *Whirlpool Corp. v. Hurlbut*, 166 Ga. App. 95 (6) (303 SE2d 284) (1983); *Ga. Power Co. v. Purser*, 152 Ga. App. 181 (262 SE2d 473) (1979); *Smith v. Bel-Arbor, Inc.*, 121 Ga. App. 739 (175 SE2d

146) (1970). In the instant case, Soucy's knowledge of the likely presence of sheetrock "mud" on the floor of the premises and of the hazard presented by it was clearly as great as Alexander's. It follows that the trial court did not err in granting Alexander's motion for summary judgment.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED OCTOBER 17, 1984 —
REHEARING DENIED OCTOBER 31, 1984 ▮▮▮▮▮▮▮

*James H. Webb, Jr.*, for appellants.
*Michael R. Johnson, Ronald D. Reemsnyder*, for appellee.