## 69571. DUENAS et al. v. BENCE et al.
(329 SE2d 260)

SOGNIER, Judge.

Joe and Deborah Duenas brought suit against James and Barbara Bence, Carolyn Earley, and Showcase Realty, Inc. alleging fraud and breach of contract in the sale of a residential home. The trial court granted summary judgment in favor of the Bences, Earley and Showcase Realty, and denied the Duenases' motion for reconsideration. This appeal ensued.

The property in question was purchased in September 1980 by appellees Bences after major repairs were made to the foundation of the house to prevent the collapse of one of the walls and to stop water from leaking into the basement. The basement subsequently leaked in 1981 and in the spring of 1982 and repairs were undertaken to correct the problem. A year after the last repair was completed, the Bences placed their house on the market through appellee Showcase Realty, broker, with appellee Earley as the agent. Appellants contracted to buy the house and moved in approximately three weeks before the closing on July 29, 1983. On August 1, 1983, the basement leaked during a rainstorm and subsequently continued to leak on other rainy days.

1. Appellants contend the trial court erred by granting summary judgment to appellees because genuine issues of material fact exist as to appellants' claim that they were defrauded by appellees' failure to disclose certain defects in the property. "Fraud, unlike negligence, breach of warranty or breach of contract, is premised upon the 'actual moral guilt' of the defrauding party. [Cit.] 'Mere concealment of [a material fact], unless done in such a manner as to deceive and mislead, will not support an action. In all cases of deceit, knowledge of

the falsehood constitutes an essential element.' [Cit.] 'The element of intention to deceive is as necessary in an action based on concealment as one based on wilful misrepresentation. [Cit.] An action for fraud and deceit must [be based upon a] representation (or . . . concealment) [which] was made with the intention and purpose of deceiving the opposite party ([cit.]), and for the purpose of injuring him. [Cit.]' [Cit.] 'In all cases of deceit, knowledge of the falsehood constitutes an essential element.' [Cit.] ' "In order to recover in an action of deceit, it is indispensable that the *scienter* be . . . proved." ' [Cit.]" *Lively v. Garnick*, 160 Ga. App. 591, 592 (287 SE2d 553) (1981). See also *Hall v. Richardson Homes*, 168 Ga. App. 593, 595 (309 SE2d 825) (1983).

The defects appellants claim appellees fraudulently failed to disclose were the repairs made to the house in 1980, 1981 and the spring of 1982. However, there was no evidence presented to controvert appellees' statements that they believed all of the problems appellants experienced after August 1983 had been permanently remedied by those repairs, the last repair having been undertaken twelve to fifteen months prior to appellants' first indication of interest in the property. Nor did appellants present any evidence to controvert appellees' statements that there had been no incidents in that twelve to fifteen month interval which would have alerted appellees to the fact that the repairs had not been effective and the defects not completely cured. Appellants admitted that in the three weeks they lived in the house prior to closing, they had experienced no water leakage in the basement as a result of the defects even though it had rained during those three weeks. Furthermore, construing the evidence as we must in the light most favorable to appellants, even had appellants not been informed by appellees that repairs had been made, it is uncontroverted that appellants made no inquiry of any type about the building's foundation, about water leakage in the basement or any other repairs of a general nature although appellants admitted they were aware of the presence of waterproofing in the basement and that they noticed indications of foundation work.

The facts in this case distinguish it from *Wilhite v. Mays*, 239 Ga. 31 (235 SE2d 532) (1977) and *Rose Mill Homes, Inc. v. Michel*, 155 Ga. App. 808 (273 SE2d 211) (1980), cited by appellants in support of their contention. In *Wilhite*, supra, the seller was "well aware" of the defects and failed to disclose them to a buyer who was not in a position to discover those defects by the exercise of due diligence. In *Rose Mill Homes*, supra, there was evidence that the seller knew of the water problem and upon inquiry by the buyer the seller misrepresented the nature of the problem, assuring the buyer it would not happen again. In the case sub judice, appellees' knowledge of past defects does not provide the prerequisite "intent to deceive" where it is uncontroverted that appellees had no actual knowledge that the de-

fects had not been completely remedied and there was no evidence from which it could be inferred that appellees had constructive knowledge that the defects had not been permanently cured. See *Lively*, supra. Nor is there any evidence that appellees actively avoided disclosing the fact of previous repairs to appellants especially in view of the fact that appellants never inquired into the subject.

On motion for summary judgment the defendant, as movant, must produce evidence which negates at least one essential element entitling the plaintiff to recovery under every theory fairly drawn from the pleadings and evidence. *Hall*, supra at 596. In the absence of any evidence of any effort by appellees to actively conceal defects known to them from appellants or any evidence from which it could be inferred that appellees defrauded appellants, see *Lively*, supra, the evidence of record negates the essential element of knowledge of the defect in appellants' allegation of fraud and the trial court did not err by granting summary judgment to appellees. *Hall*, supra at 596.

2. We find no merit in appellants' contention that the trial court erred by granting summary judgment to appellees because questions of fact exist as to their claim of negligence. "To prevail on a motion for summary judgment [OCGA § 9-11-56], a defendant-movant is required to pierce the allegations of the complaint and to establish as a matter of law that the plaintiff could not recover *under any theory fairly drawn from the pleadings and the evidence.* [Cits.]." *Holiday Inns v. Newton*, 157 Ga. App. 436, 437 (278 SE2d 85) (1981). (Emphasis supplied.) There is no allegation or inference of an allegation in appellants' complaint or two amendments to the complaint from which it fairly could be determined that appellants were asserting any claim in negligence against appellees.

3. We find no merit in appellants' contention that questions of fact exist as to their claim of breach of contract. The provision in the contract cited by appellants by its terms applied exclusively to damage incurred "prior to the consummation of the sale." It is uncontroverted that the damage incurred by the elements here occurred subsequent to the closing. Construction of a contract is a matter of law for the court. See *Sun Valley v. Southland Bonded Warehouse*, 171 Ga. App. 233, 234 (1) (319 SE2d 91) (1984). Thus the trial court did not err by granting summary judgment to appellees.

*Judgment affirmed. Deen, P. J., and McMurray, P. J., concur.*

DECIDED MARCH 8, 1985 —
REHEARING DENIED MARCH 21, 1985.

*James D. Patrick, Jr.*, for appellants.

*Ronald W. Self, Jerry A. Buchanan,* for appellees.