### 70780. DUNANT et al. v. WILMOCK, INC.

(335 SE2d 162)

BANKE, Chief Judge.

In 1980, the appellants purchased a home which had been constructed by the appellee. Soon after moving in, they began to notice that during periods of wet weather, waste water tended to back up into the house from the septic tank system. Upon learning that this was not an uncommon problem in the portion of the subdivision in which their home was located, they filed suit against the appellee, naming as additional defendants the subdivision developer, the engineering firm employed by the developer to perform soil percolation tests and design the subdivision's drainage system, and the subcontractor hired by the appellee-builder to install the septic tank. This appeal is from the grant of the appellee's motion for summary judgment.

The appellants did not purchase the home directly from the appellee but from another individual, Steven Gantt, who had purchased it from the appellee two years earlier. *Held*:

As a general rule, "neither caveat emptor nor merger by deed is a viable defense by a builder-seller against a homeowner's tort-negligence and breach of contract claims seeking recovery for latent building construction defects about which the purchaser-homeowner did not know and in the exercise of ordinary care would not have discovered, which defects either were known to the builder-seller or in the exercise of ordinary care would have been discovered by him." *Worthey v. Holmes*, 249 Ga. 104, 106 (287 SE2d 9) (1982), aff'g *Holmes v. Worthey*, 159 Ga. App. 262 (282 SE2d 919) (1981). The existence of any such liability on the part of the appellee in this case, however, is negated by the uncontroverted evidence of record. No claim for breach of any express or implied warranty exists because the appellee did not sell the house to the appellants and consequently is not in privity with them. As for negligence, it appears without dispute from the affidavit of the appellee's president that the appellee took no part in the planning or construction of the septic tank system and had no knowledge of the existence of any defects therein, having left this aspect of the construction entirely to the subcontractor who installed it. It further appears without dispute that, based on an engineering report previously submitted on behalf of the developer of the subdivision, the county health department had approved the installation of a septic tank system on the property, had issued a permit

therefor, specifying the type and size of the system to be installed, and had inspected and approved the work after its completion. Under such circumstances, it has been held that any negligence by the subcontractor in installing the system is not imputable to the builder and that the builder is entitled to summary judgment on the issue of negligence. See *Hall v. Richardson Homes*, 168 Ga. App. 593 (4) (309 SE2d 825) (1983). The case of *Brewer v. Williams*, 167 Ga. App. 151 (305 SE2d 891) (1983), cited by the appellants as authority for a contrary holding, is inapposite in that there was evidence in that case that the builder himself had performed some of the work which was alleged to be defective.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 16, 1985.

*Stephen R. Yekel*, for appellants.
*Gregory I. Hodges, Delano Maurice, Phillip R. McCorkle, C. Ashley Royal, Marshall R. Wood*, for appellee.