## 71270. HANLEY v. SOUTHERN TRUST INSURANCE COMPANY.
### (340 SE2d 626)

Sognier, Judge.

Janice H. Hanley brought suit against Southern Trust Insurance Company to recover damages to an automobile under the homeowner's policy issued to her by Southern Trust. The trial court granted Southern Trust's motion for summary judgment and denied Hanley's motion for partial summary judgment. Hanley appeals.

Appellant's vehicle, a 1970 Pontiac GTO, was in storage on a concrete pad without a battery or current registration when it was destroyed by a falling tree. The provisions of appellant's policy with appellee excluded property damage coverage to "3. motorized land vehicles except those used to service an insured's residence which are not licensed for road use." The policy also provided a definition of "motor vehicle" as "5. . . . a. a motorized land vehicle designed for travel on public roads or subject to motor vehicle registration. A motorized land vehicle in dead storage on an insured location is not a motor vehicle."

We affirm the trial court's grant of summary judgment to appellee and the denial of appellant's motion for partial summary judgment. "Construction of a contract is a matter of law for the court. [Cit.]" *Duenas v. Bence*, 174 Ga. App. 80, 82 (3) (329 SE2d 260) (1985). Although appellant's GTO (while in dead storage) was not a "motor vehicle" under the policy, the GTO by policy definition remained a "motorized land vehicle." Contrary to appellant's argument, the exclusion of appellant's GTO from the "motor vehicle" class does not act to remove the GTO from the general exclusion in the policy as to "motorized land vehicles." Since it is uncontroverted that the GTO did not fall within the stated exception to "motorized land vehicle" as provided by the insurance policy, appellant's automobile was not subject to coverage under the policy issued by appellee. See *Duenas*, supra. Determination of this issue renders it unnecessary for us to address appellant's remaining enumerations of error.

*Judgment affirmed. Birdsong, P. J., concurs. Carley, J., concurs specially.*

Carley, Judge, concurring specially.

I reluctantly concur in the majority's affirmance of the grant of summary judgment to the insurer because, as the majority states, "the exclusion of appellant's GTO from the 'motor vehicle' class does not act to remove the GTO from the general exclusion in the policy as to 'motorized land vehicles.' " However, I feel compelled to point out that this policy, in its format and content, is most confusing. As observed, "motorized land vehicles" — the term that is absolutely cru-

cial to the case at bar — is nowhere defined in the policy. However, under the "definitions" portion of the policy, there is a definition of "motor vehicle" utilizing the undefined term "motorized land vehicle." While I can find no statutory or regulatory requirement that terms necessary for the construction of a policy should be defined, it would appear that a legislative or regulatory requirement to that effect would not be too onerous to the insurer and would certainly be helpful to those who must construe the insurance contract. However, I must concede that the inclusion of such a common sense legislative or regulatory requirement addresses itself to the legislative or regulatory bodies and not to the courts.

DECIDED JANUARY 23, 1986 —
REHEARING DENIED FEBRUARY 5, 1986 — 

*John J. Barrow, Gene Mac Winburn,* for appellant.
*Thomas H. Draffin,* for appellee.