## 74996. WILMOCK, INC. v. FRENCH.
(363 SE2d 789)

CARLEY, Judge.

Appellee-plaintiff is a homeowner. She brought this suit in tort against appellant-defendant and numerous others, seeking to recover damages for the malfunctioning septic tank system that was located on her property. Appellant is the general contractor who built the house and appellee alleged that appellant's negligence in that capacity was a proximate cause of the injury to her property. Appellant answered, denying the material allegations of appellee's complaint.

The case came on for jury trial. At the close of appellee's evidence and then again at the close of all the evidence, appellant moved for a directed verdict. The trial court denied the motion in both instances. The jury returned a verdict in favor of appellee and the trial court entered judgment thereon. Appellant's motion for judgment n.o.v. or, in the alternative, for new trial was denied and it appeals.

1. In related enumerations of error, appellant raises the general grounds. In *Dunant v. Wilmock, Inc.*, 176 Ga. App. 48 (335 SE2d 162) (1985), appellant was sued by another plaintiff-property owner whose complaint contained similar allegations as to appellant's negligent performance as a general contractor and the injurious consequences thereof. In that case, this court held that appellant was entitled to summary judgment as against the property owner, reasoning as follows: "As for negligence, it appears without dispute from the affidavit of [appellant's] president that [appellant] took no part in the planning or construction of the septic tank system and had no knowledge of the existence of any defects therein, having left this aspect of the construction entirely to the subcontractor who installed it. It further

appears without dispute that, based on an engineering report previously submitted on behalf of the developer of the subdivision, the county health department had approved the installation of a septic tank system on the property, had issued a permit therefor, specifying the type and size of the system to be installed, and had inspected and approved the work after its completion. Under such circumstances, it has been held that any negligence by the subcontractor in installing the system is not imputable to the builder and that the builder is entitled to summary judgment on the issue of negligence. [Cit.]" *Dunant v. Wilmock, Inc.*, supra at 48-49. On this appeal, appellant urges the existence of similar undisputed evidence and contends that it is, therefore, entitled to a favorable outcome similar to that which it secured by the *Dunant* opinion.

As indicated, the *Dunant* case was on summary judgment and its focus was solely upon allegations of appellee's negligence with reference to the installation of the septic tank system. Thus, the opinion in *Dunant* stands for the proposition that appellant, as the movant for summary judgment, had met its burden as to those allegations, in that its undisputed evidence showed that the septic tank system had been installed by an independent contractor and the applicable law provides that "[a]n employer *generally* is not responsible for torts committed by his employee when the employee exercises an independent business and in [that business he] is not subject to the immediate direction and control of the employer." (Emphasis supplied.) OCGA § 51-2-4. Therefore, implicit in the holding of *Dunant* is that the plaintiff-property owner therein had not met his burden of showing the applicability of any recognized exception to the general rule of non-liability which appellant's evidence had shown to be controlling under the circumstances. "An employer *is* liable for the negligence of a contractor: [in several specific enumerated instances]." (Emphasis supplied.) OCGA § 51-2-5.

The case at bar does not involve summary judgment, but a judgment entered on a verdict returned after a jury trial. Unlike *Dunant*, supra, the alleged negligence attributed to appellant in this case is not merely as to the installation of the septic tank system on appellee's property. There is also evidence that appellee's property had been graded in a turtleback fashion so that it was higher in the center and sloped down toward the property lines. Although the evidence shows that neither the installation and placement of appellee's septic tank system nor the turtleback grading of her property would, standing alone, necessarily constitute negligent construction, the evidence also shows that the combination of the installation and placement of the septic tank system with the turtleback grading of the property had caused surface water to collect and stand in the area directly above appellee's septic tank, rather than to drain off appellee's property.

The result of this standing water was the flooding of the entire septic system and a backup of waste water into appellee's home. Although the evidence does show that both the installation and placement of the septic system and the turtleback grading of the property had been performed by independent contractors, appellee, unlike the plaintiff-property owner in *Dunant*, supra, did not fail to address the applicability of an exception to the general rule of appellant's non-liability for the tortious acts committed by those independent contractors. Appellee produced evidence that appellant had accepted and thereby ratified the installation and placement of the septic tank system and the turtleback grading of appellee's property. "An employer is liable for the negligence of a contractor: . . . If the employer ratifies the unauthorized wrong of the independent contractor." OCGA § 51-2-5 (6). "Ratification of the wrongful act may result from acceptance of the work on the theory that acceptance shifts the responsibility for maintaining the work in its defective condition to the employer. [Cit.] . . . [T]he ratification must be, not of the contract, but of the unauthorized wrong. [Cit.] Ordinarily, in order to ratify an act, one must have knowledge of the act. [Cit.]" *Southern Mills v. Newton*, 91 Ga. App. 738, 743 (2b) (87 SE2d 109) (1955). See also *Chipley v. Beeler*, 122 Ga. App. 781, 782 (1) (178 SE2d 767) (1970). Here, there was sufficient evidence that appellant accepted the acts of its independent contractors with regard to the septic tank system and the grading of the property and that, at the time of the acceptance, appellant knew or should have known, that the result of those acts would be flooding of the septic tank system and the backup of waste water into the house that was being built on the property. "The jury is the final arbiter of the facts, and the verdict must be construed by the trial and appellate courts in the light most favorable to upholding the jury verdict. [Cits.]" *Church's Fried Chicken v. Lewis*, 150 Ga. App. 154, 159 (1c) (256 SE2d 916) (1979). It follows that the general grounds are without merit.

2. Appellant enumerates error as to an issue concerning appellee's entitlement to recover the expenses of litigation. The jury awarded appellee the expenses of litigation only as against one of appellant's co-defendants and not as against appellant. Accordingly, error with regard to the recoverability of expenses of litigation could not have harmed appellant and we will not address the merits of this enumeration.

3. The trial court's denial of appellant's motion for summary judgment is enumerated as error. " ' "After verdict and judgment, it is too late to review a judgment denying a summary judgment, for that judgment becomes moot when the court reviews the evidence upon the trial of the case." [Cits.]' [Cit.]" *Hardaway Constructors v. Browning*, 176 Ga. App. 530 (336 SE2d 579) (1985).

4. Appellant enumerates as error the trial court's failure to give one of its written requests to charge. The record shows that the legal principles contained in appellant's refused request was otherwise covered in the charge as given by the trial court. There was no error. See *Seaboard C. L. R. Co. v. Thomas*, 125 Ga. App. 716, 718 (188 SE2d 891) (1972), aff'd 229 Ga. 301 (190 SE2d 898) (1972).

5. Remaining enumerations of error not otherwise addressed have been considered and found to be without merit.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 23, 1987 —
REHEARING DENIED DECEMBER 11, 1987 — ▮▮▮▮▮▮▮▮▮

*Marshall R. Wood*, for appellant.
*Stephen R. Yekel*, for appellee.