A89A0279. MORRIS v. BARNET.
(381 SE2d 597)

POPE, Judge.
Plaintiff John Calvin Morris served as both architect and general contractor for the design and construction of a residence in Cartecay, Georgia. Defendant Joseph B. Barnet, doing business as a construction firm known as Added Dimensions, was hired as a subcontractor for erecting the house. On August 17, 1985, while inspecting the partially constructed house with the owner, plaintiff was injured when a

ladder slid and fell while plaintiff was descending from the second floor of the building to the first floor, causing him to fall fifteen feet. Defendant brought the ladder to the construction site and placed it at the location where plaintiff fell. Plaintiff sued defendant for his injuries, alleging defendant negligently failed to secure the ladder in its place or to equip the ladder with an anti-skid device. The trial court granted summary judgment to defendant and plaintiff appeals.

"A building contractor or subcontractor has a duty, in prosecuting his work, to use ordinary care not to cause injuries to others engaged in work on the same premises. *Doke v. Dover Elevator Co.*, 152 Ga. App. 434 (263 SE2d 209) (1979). However, just as in any other negligence action, a breach of such duty will not give rise to liability to a plaintiff who could have avoided injury to himself by the exercise of ordinary care. See generally OCGA § 51-11-7. Furthermore, '(o)ne who is familiar with the premises cannot rely for recovery upon the negligence of the defendant in failing to correct a patent defect where such party had equal means with the defendant of discovering it or equal knowledge of its existence.' *Barrow v. James*, 107 Ga. App. 377, 378 (130 SE2d 352) (1963)." *Soucy v. Alexander*, 172 Ga. App. 501, 502 (323 SE2d 662) (1984).

On the day of this incident, the roof was not yet on the building. It had been drizzling rain and plaintiff knew the sub-flooring material on which the ladder was placed was damp. Plaintiff testified he checked the ladder before he climbed to the second floor and it appeared to be safe. If the ladder was not properly secured or lacked the proper anti-skid device, plaintiff had an opportunity equal to that of the defendant to discover those facts. Thus, even if plaintiff could show the defendant negligently secured the ladder, defendant would not be liable to plaintiff under these circumstances.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED APRIL 20, 1989.

Smith, Currie & Hancock, Charles Surasky, Fredric W. Stearns, for appellant.

Lokey & Bowden, Glenn Frick, Totsy Nichols, Peter K. Kintz, for appellee.

