## A00A2139. RAGSDALE HEATING & AIR CONDITIONING, INC.
## v. TERRELL et al.
### (539 SE2d 199)

ELDRIDGE, Judge.

We granted appellant-defendant Ragsdale Heating & Air Conditioning, Inc.'s ("Ragsdale") application for interlocutory appeal in this premises liability case to review the superior court's denial of Ragsdale's motion for summary judgment. Having done so, we conclude that the superior court properly denied Ragsdale's motion and affirm.

Appellees-plaintiffs Lyndon and Sharon Terrell brought suit against Ragsdale and defendants Concept Homes Unlimited, Inc. ("Concept Homes"), Premier Properties, Inc. ("Premier Properties"), and Terry L. Cox[1] seeking money damages for injuries to Mr. Terrell's lower back arising out of a job site step and fall accident and for lost consortium in her husband suffered by Mrs. Terrell.

The record reflects that Concept Homes employed Ragsdale and Mr. Terrell as subcontractors to install heating and air conditioning and Sheetrock, respectively, in a home it was building. It is undisputed that Mr. Terrell stepped into a vent hole cut in the floor by Ragsdale's job crew as a part of its "rough in" of the work site as he was installing Sheetrock in the home. That Mr. Terrell knew that vent holes were cut into the floor for the purpose of installing heating and air conditioning equipment is likewise undisputed.

Ragsdale contends that the superior court erred in denying its motion for summary judgment, arguing (a) that in the absence of its wilful or wanton negligence, Ragsdale owed Mr. Terrell no duty of care as a mere licensee in relation to it under *Chambers v. Peacock Constr. Co.*, 115 Ga. App. 670 (155 SE2d 704), aff'd, *Peacock Constr. Co. v. Chambers*, 223 Ga. 515 (156 SE2d 348) (1967), and (b) that even in the event of negligence as alleged, it was entitled to summary judgment as a matter of law for Mr. Terrell's admission that he had prior knowledge of the alleged hazard. *Held*:

In *Doke v. Dover Elevator Co.*, 152 Ga. App. 434, 436 (263 SE2d 209) (1979), we concluded that *Chambers* was inapposite in circumstances where, as here, one or more subcontractors are laboring contemporaneously toward a common end. In such a circumstance, we held that " 'it is the duty of each to the others engaged in the work to exercise the care and skill ordinarily employed by prudent men [or women] in similar circumstances.' [Cit.]" Id. Citing *Doke*, we more

---

[1] The superior court granted default judgment against Concept Homes as to all issues of liability. The Terrells then added defendants Premier Properties and Cox to their lawsuit by amended complaint. Thereafter, the superior court likewise granted the Terrells default judgment as to liability as to these parties and contemporaneously denied the joint motion of all the defaulted parties to open default.

particularly thereafter held that "[a] building contractor or subcontractor has a duty, in prosecuting his [or her] work, to use ordinary care not to cause injuries to others engaged in work on the same premises." *Soucy v. Alexander*, 172 Ga. App. 501, 502 (323 SE2d 662) (1984). Inasmuch as Ragsdale and Mr. Terrell were subcontractors on the same job, Ragsdale owed Mr. Terrell the duty to exercise reasonable care to ensure his safety while working in the vicinity of the heating and air vents in issue. Id. "Whether [Ragsdale] was negligent in failing to secure the [vent] hole or take other action [is] a jury matter." *Doke v. Dover Elevator Co.*, supra at 437. Thus, the superior court did not err in denying Ragsdale summary judgment on its claim that Mr. Terrell's negligence complaint fails as a matter of law for want of the duty element. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991) (A defendant may prevail at summary judgment by showing that "there is no evidence sufficient to create a jury issue as to any essential element of plaintiff's claim. . . .").

Neither is Ragsdale entitled to summary judgment upon the argument that Mr. Terrell had equal knowledge of the vent hole in issue and failed to exercise due diligence for his own safety in that he "unequivocally admits that he had prior knowledge" of the uncovered vent before he stepped into it. In this regard, "[a]lthough the issue of plaintiff's exercise of due diligence for his own safety is ordinarily reserved for the jury, it may be summarily adjudicated where the plaintiff's knowledge of the risk is clear and palpable. [Cits.]" *Soucy v. Alexander*, supra. However, Mr. Terrell's deposition and his affidavit in opposition to Ragsdale's motion for summary judgment do not reflect the admission which Ragsdale argues. Instead, they reflect the contrary. Asked on being deposed if he had seen the vent hole in which he put his foot before the accident, Mr. Terrell responded in the negative, "Didn't notice it, no." Further, though Mr. Terrell otherwise deposed that he felt that the vent hole had been in the home when he had been there previously "because they cut them before I come in there and [S]heetrock[,]" his affidavit in opposition to Ragsdale's motion for summary judgment made clear that he based this testimony on what he assumed rather than on what he knew firsthand. There also was undisputed evidence which showed that the applicable industry standard was to cover all vent holes upon "roughing in" to ensure safety. Moreover, the evidence showed that Mr. Terrell had worked an entire day in the home before the accident, inclusive of the place where the accident occurred, without incident. Against this, it was undisputed that Ragsdale knew of the hole into which Mr. Terrell fell, having cut it into the floor. It was Ragsdale's duty to make its work safe for other workers. Id.

Under these circumstances, it is not unreasonable to conclude that Ragsdale's knowledge of the uncovered vent hole in the premises

and the hazard it represented was clearly greater than that of Mr. Terrell. It follows that Mr. Terrell's knowledge of the risk was not clear and palpable. *Soucy v. Alexander*, supra at 503. Accordingly, the superior court did not err in denying Ragsdale summary judgment on its claim that Mr. Terrell knew as much or more of the hazard than it did.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED SEPTEMBER 12, 2000.

*Downey & Cleveland, George L. Welborn,* for appellant.
*Hartley, Rowe & Fowler, Joseph H. Fowler,* for appellees.