## A01A1886. STANCLIFF et al. v. BROWN & WEBB BUILDERS, INC.
### (561 SE2d 438)

POPE, Presiding Judge.

In 1996, Ned and Mary Stancliff purchased a house in Alpharetta. Brown & Webb Builders, Inc. ("B&W") built the house and sold it to its original residents, who in turn sold it to the Stancliffs. After moving into their home, the Stancliffs noticed water seeping into the residence around the doors, and the doors and windows began to warp. The Stancliffs suspected the problem was related to the home's synthetic stucco cladding. An inspection revealed that the house was constructed with a type of synthetic stucco cladding known as an Exterior Insulation and Finish System ("EIFS"), which was improperly installed. Further inspection and repair revealed extensive water damage.

The Stancliffs sued B&W, its principals, and Precision Plastering, Inc., the EIFS installer. They claimed B&W was negligent in constructing the home, supervising its subcontractors, and failing to adhere to industry standards. B&W moved for summary judgment and introduced the affidavit of its principal officers stating that the house was constructed by independent contractors, not B&W, and that the principal officers did not supervise the independent contractors or know of any defects in the home. In response to B&W's motion for summary judgment, the Stancliffs introduced the affidavit of an inspector showing that the Stancliffs' residence had suffered damage due to the improper installation of the EIFS, including the failure to install a diverter or flashing on the roof in accordance with the applicable construction code, among other defects in construction. They also submitted the affidavit of Ned Stancliff, who affirmed that the inspection report generated before the Stancliffs purchased the home did not notify them that the house was constructed with an EIFS or that the EIFS was defective. Relying on the affidavits submitted by B&W's officers, the trial court granted B&W's motion for summary judgment, and the Stancliffs appeal. We reverse because genuine issues of material fact remain for the trier of fact.

To prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact, and that the undisputed facts, viewed in a light most favorable to the party opposing the motion, warrant judgment as a matter of law. OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Our review is de novo. *Walker v. Virtual Packaging*, 229 Ga. App. 124 (493 SE2d 551) (1997).

The Stancliffs claim that the trial court erred in its order granting summary judgment by relying on *Dunant v. Wilmock, Inc.*, 176 Ga. App. 48 (335 SE2d 162) (1985), and in finding *Seely v. Loyd H.*

*Johnson Constr. Co.*, 220 Ga. App. 719 (470 SE2d 283) (1996), among other authority, to be inapplicable. We agree that the trial court erred in granting summary judgment to B&W.

We find *Seely* to be controlling. There, a homeowner sued a builder for negligence in connection with a pipe leak. The builder claimed that the plumbing subcontractors were at fault, and that it had exercised no control or supervision over them. We found, however, that "since the builder-seller holds himself out as having the ability and expertise to build a fit and workmanlike residence, he cannot escape liability simply by claiming that an independent contractor he hired was wholly responsible for the negligent work." 220 Ga. App. at 720-721 (1). We had previously noted that, otherwise, "[i]t would be too easy for a builder-seller of a house to avoid liability by hiring inexperienced crews, providing little or no supervision, and then claiming the culprit of any negligence was an independent contractor." *Hudgins v. Bacon*, 171 Ga. App. 856, 862 (5) (321 SE2d 359) (1984). See also *Washington Road Developers v. Weeks*, 249 Ga. App. 582 (549 SE2d 416) (2001).

As a builder, the law provides that B&W has undertaken "to build a fit and workmanlike house and has held himself out as having the ability to do it." *Hudgins*, 171 Ga. App. at 863 (5). The Stancliffs' complaint alleges B&W has breached this duty through the negligent construction of the home and negligent supervision and hiring of the contractors and employees involved in the construction of the home. The affidavits and other material submitted by B&W's officers fail to address the breach of duty alleged in the complaint. Affidavits indicating that the subcontractors performed their work without B&W's supervision do not show that B&W fulfilled its duty as an ordinarily prudent builder to exercise "direction and control to build a fit and workmanlike structure." *Seely*, 220 Ga. App. at 721 (1). The Stancliffs, for their part, came forward with evidence that there was a latent defect in the house of which they were not aware at the time of purchase and, as untrained laymen, could not be expected to detect. They also presented affidavits showing that the EIFS was installed contrary to the specifications of the Georgia State Minimum One and Two Family Dwelling Code then in effect. See OCGA § 8-2-20 et seq.

Determination of negligence is normally a matter for the jury. See *Ragsdale Heating & Air Conditioning v. Terrell*, 245 Ga. App. 866, 867 (539 SE2d 199) (2000). B&W does not show that no material facts remain for the trier of fact.

*Dunant* is distinguishable. In that case the negligence claim against the builder involved a latent defect in a home's septic tank system. The septic tank system was installed by a subcontractor, and the builder's president affirmed that the builder took no part in the

planning or construction of the septic tank system and had no knowledge of any defects in the system. *Dunant*, 176 Ga. App. at 48-49. But the county health department had specified the type and size of the septic tank system to be installed on the property, issued a permit for it, and had inspected and approved the work after completion. Id. The facts showed no breach of duty by the builder in connection with the septic tank. See *Hall v. Richardson Homes, Inc.*, 168 Ga. App. 593 (309 SE2d 825) (1983). Here, there is no governmental entity assuming a comparable role in connection with the installation of the EIFS. B&W also argues that *Seely* and *Hudgins* can be distinguished because those actions were brought by the original purchaser; however, a negligence claim does not depend upon privity of contract. See *Ramey v. Leisure, Ltd.*, 205 Ga. App. 128, 132 (3) (421 SE2d 555) (1992).

Material issues of fact remain, and the trial court erred in granting summary judgment to B&W. The trial court's grant of summary judgment to B&W on the issue of attorney fees must also be reversed as it was granted in contemplation of summary judgment on the merits.

*Judgment reversed. Blackburn, C. J., and Mikell, J., concur.*

DECIDED FEBRUARY 18, 2002 —
RECONSIDERATION DENIED MARCH 13, 2002 — 

*Charles F. Peebles, Lane R. Frostbaum*, for appellants.
*Downey & Cleveland, George L. Welborn, Mozley, Finlayson & Loggins, Douglas G. Smith, Jr.*, for appellee.