**FIFTH DIVISION**
**REESE, P. J.,**
**MARKLE and COLVIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**October 26, 2020**

# In the Court of Appeals of Georgia

A20A0990. LALIWALA et al. v. HARRIS.

REESE, Presiding Judge.

Raj Laliwala and Smita Laliwala (the "Appellants") seek review of an order of the State Court of Cobb County granting a motion for summary judgment filed by Carlton Harris (the "Appellee") on the Appellants' negligence claims arising from the remodeling of commercial property. Specifically, the trial court found that the Appellee did not owe the Appellants "a duty of care that would otherwise exist legally or contractually apart from and independent of his status as a qualifying agent."[1] For the reasons set forth infra, we affirm.

---

[1] See OCGA § 43-41-9 (i); see also OCGA § 43-41-2 (7) (defining qualified agent).

Viewed in the light most favorable to the Appellants, as the non-movants,[2] the record shows the following. In 2013, the Appellants purchased an old bank building in Marietta, which they planned to convert into a restaurant called Lockdown BBQ. They hired the Appellee's co-defendant, Classique, LLC, to act as the general contractor for this construction project (the "Project"). Unbeknownst to the Appellants, neither Classique nor its owner, co-defendant Ron King, held a general contractor's license with the State of Georgia. The co-defendants retained the Appellee and his company, non-party J. Harris Enterprises, Inc., to serve as the statutory qualifying agent for the Project. In that capacity, the Appellee allowed Classique to use his general contractor's license to obtain permits for the Project.

After a dispute arose between the Appellants and the co-defendants, the Appellants hired another contractor to finish the Project. The Appellants filed suit against Classique and King, alleging breach of contract and various tort claims. The Appellants later filed claims against the Appellee, alleging negligence, negligent supervision, and negligence per se, and seeking attorney fees.

The trial court granted the Appellee's motion for summary judgment, finding that the sole duty that the Appellants alleged that the Appellee owed them was the

_____

[2] See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

2

duty that arose by virtue of being a statutory qualified agent. The court found that

OCGA § 43-41-9 (i) precluded recovery based on that status, and that nothing in the

record suggested that the Appellee owed or assumed any other duty to the Appellants.

This appeal followed.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. Our review of the grant or denial of summary judgment is de novo, and we construe the evidence and all inferences therefrom in favor of the nonmoving party.[3]

With these guiding principles in mind, we turn now to the Appellants' claim of error.

---

[3] *DaimlerChrysler Motors Co. v. Clemente*, 294 Ga. App. 38, 38-39 (668 SE2d 737) (2008) (citations and punctuation omitted).

In related arguments, the Appellants contend that the trial court erred in finding that the Appellee did not owe them a duty because the Appellee and his company negligently performed and supervised work on the Project. Specifically, the Appellants argue that the Appellee personally performed the inspections to ensure that the Project complied with the municipal building code and would pass inspections, yet "multiple . . . inspections failed while [the Appellee] and his company held the permits for the renovation."[4]

"[E]ssential to any claim of negligence is a duty of care[.]"[5] "Such a duty can arise either by statute or be imposed by a common law principle recognized in the caselaw."[6]

---

[4] In support of this last statement, the Appellants cite to an exhibit to their brief filed in response to the summary judgment motion, but none of these documents, which appear to be computer printouts, is certified or authenticated in some other way. This exhibit is thus not competent evidence in this summary judgment proceeding. See *Achor Center v. Holmes*, 219 Ga. App. 399, 401 (1) (465 SE2d 451) (1995). Moreover, it is unclear how these alleged inspection failures could have created a duty that did not already exist.

[5] *Spivey v. Hembree*, 268 Ga. App. 485, 487 (1) (a) (602 SE2d 246) (2004); see also *Seymour Elec. & Air Conditioning Svc. v. Statom*, 309 Ga. App. 677, 679 (710 SE2d 874) (2011) (discussing the essential elements of a negligence claim, beginning with the existence of a legal duty).

[6] *Wells Fargo Bank v. Jenkins*, 293 Ga. 162, 164 (744 SE2d 686) (2013).

The Appellants cited to an affidavit of the contractor they hired to finish the Project, who opined that the work that had been done on the Project was "not performed in accordance with industry standards for commercial construction projects." However, they have not explained how the quality of the work performed (or not completed) by the co-defendants created a duty on the part of the Appellee. They argue only that "[the Appellee] and his company knowingly allowed unlicensed contractors, [co-defendants Classique and King], to perform defective Work on the Appellants' Property using their permit."

The Appellants also cite to the Appellee's testimony regarding his duty under his agreement with the co-defendants:

> When I sign a consulting agreement to pull a permit for somebody, my obligation is to make sure the permits are pulled, that everything that requires an inspection through that permitting process is done correctly, that the inspections are called in to the municipality. The municipality comes out, looks at those things that we're asking to be looked at and they're passed. So my obligation to that contract is to make sure that permits are pulled, all of the inspections are met through the municipalities and are passed so they can go on to the next phase up to a completed job.

The Appellants do not contend that they are a third-party beneficiary of the agreement between the Appellee and the co-defendants,[7] so it is unclear how this testimony supports the Appellants' claim that the Appellee owed them a duty.

The Appellants argue that, as a result of personally inspecting the Property, the Appellee had "a duty to perform his job and inspections in a workmanlike manner, or be held personally liable for his actions." The Appellants do not claim that the Appellee actually performed any work on the Project,[8] but instead rely on his conduct with regard to the municipal permitting and inspection process.

---

[7] See generally OCGA § 9-2-20 (b) ("The beneficiary of a contract made between other parties for his benefit may maintain an action against the promisor on the contract.").

[8] The Appellants' reliance on *Stancliff v. Brown & Webb Builders*, 254 Ga. App. 224 (561 SE2d 438) (2002), is wholly misplaced. See *Cendant Mobility Financial Corp. v. Asuamah*, 285 Ga. 818, 822 (684 SE2d 617) (2009) ("To dispel any doubt, we hold that the 'negligent construction' exception to caveat emptor [applied in *Stancliff*] exempts from the defense of caveat emptor only a negligence claim by a homeowner seeking recovery against the builder/seller of the home for latent building construction defects about which the purchaser/homeowner did not know and in the exercise of ordinary care would not have discovered, which defects either were known to the builder/seller or in the exercise of ordinary care would have been discovered by the builder/seller.").

There is simply no evidence in the record that the Appellee assumed any duty beyond what was included in the statutory definition of a "qualifying agent." Under OCGA § 43-41-2 (7):

"Qualifying agent" means a person who possesses the requisite skill, knowledge, and experience and has the responsibility to supervise, direct, manage, and control all of the contracting activities within the State of Georgia of a contractor doing business in the form of a business organization, with which he or she is affiliated by employment or ownership; who has the responsibility to supervise, direct, manage, and control construction activities on any project for which he or she has obtained the building permit pursuant to Code Section 43-41-14; and whose technical and personal qualifications have been determined by investigation and examination as provided in this chapter, except as exempted under Code Section 43-41-8, as attested by the division.

However, under OCGA § 43-41-9 (i):

nothing in this chapter [regulating residential and general contractors] shall be interpreted as a basis for imposition of civil liability against an individual qualifying agent by any owner or other third party claimant beyond the liability that would otherwise exist legally or contractually apart from and independent of the individual's status as a qualifying agent.

Based on this clear statutory language,[9] and because the Appellants have failed to establish any other basis to impose civil liability against the Appellee, the trial court properly granted summary judgment in favor of the Appellee on the substantive negligence claims against him. Accordingly, the trial court did not err in dismissing the remaining claim for attorney fees.[10]

*Judgment affirmed. Markle, J., concurs. Colvin, J., concurs in the judgment only.*

---

[9] See *Six Flags Over Ga. II v. Kull*, 276 Ga. 210, 211 (576 SE2d 880) (2003) ("Where the language of a statute is plain and unambiguous, judicial construction is not only unnecessary but forbidden. In the absence of words of limitation, words in a statute should be given their ordinary and everyday meaning.") (citations and punctuation omitted); see also *Anthony v. American Gen. Financial Svcs.*, 287 Ga. 448, 450 (1) (a) (697 SE2d 166) (2010) ("It is not the place of [the reviewing court] to rewrite statutes to promote policies that are not expressed in that legislation — much less read into a statute a policy that contradicts the text of the law and is derived without citation to any other source.").

[10] See *Popham v. Landmark American Ins. Co.*, 340 Ga. App. 603, 612 (4) (798 SE2d 257) (2017).

A20A0990. LALIWALA et al. v. HARRIS.

COLVIN, Judge, concurring specially.

The majority concludes that because defendant Harris was a "qualifying agent" as defined in OCGA § 43-41-2 (7), and because plaintiffs' claims against him arise only from his "status" as such, OCGA § 43-41-9 (i), the defendant cannot be liable for his acts or omissions while he was supervising the permit process on this construction project. The parties have not acknowledged the absence of caselaw on these statutes, however, and plaintiffs have cited to evidence that Harris visited and inspected the site at least once. On this scant argument and record, I can note only that under the majority's rationale, the extent of OCGA § 43-41-9 (i)'s limitation on the duties apparently imposed by OCGA 43-41-2 (7) remains fundamentally unclear. I therefore concur in the judgment only.