35524. SOUTHERN MILLS, INC. v. NEWTON *et al.*
35525. ALLGOOD *et al.* v. SOUTHERN MILLS, INC., *et al.*

DECIDED FEBRUARY 25, 1955—REHEARING DENIED MARCH 17, 1955.

*C. Baxter Jones, Jr., Sutherland, Asbill & Brennan,* for Southern Mills, Inc.

*Geo. A. Smith, Gambrell, Harlan, Barwick, Russell & Smith,* for Henry Newton Co. et al.

*T. J. Long, Ben Weinberg, Jr.,* for Allgood Bros. et al.

TOWNSEND, J. ■ Negligence is predicated against the subcontractor Allgood Brothers on the theory that (1) it should, in the exercise of ordinary care, have anticipated that the amount of rainfall which actually fell would have been likely to fall in that vicinity; (2) it should, in the exercise of ordinary care, have anticipated that the amount of rainfall which actually accumulated along the bare, sloping surface of the West By-Pass along which work was progressing would be sufficient, if there were no means for it to drain away, to overflow at the low point at the foot of the hill and cause property damage; and (3) charged with this knowledge, it erected the barricade so negligently that the water running down over the excavated surface washed the logs over the catch basins, stopped them up, and caused the flood condition which injured the plaintiff's property. It is alleged that the grading increased by about two acres the area which drained through the catch basins.

As stated in *Whitaker* v. *Jones, McDougald, Smith, Pew Co.,* 69 *Ga. App.* 711, 716 (26 S. E. 2d 545): "The rule well affirmed by the authorities is that under the law a person is required to anticipate or foresee and guard against what usually happens or is likely to happen; but this rule does not require him to anticipate or foresee and provide against that which is unusual and not likely to happen, or in other words, that which is only remotely and slightly probable. The general test in such cases is not whether the injurious result or consequence was possible, but whether it was probable; that is, likely to occur according to the usual experience of persons. A wrongdoer cannot be held responsible according to occasional experience, but only for a result of consequence which is probable according to the ordinary and usual experience of mankind."

It is altogether within the ordinary and usual experience of mankind that water seeks its lowest level; that, when its outlet at that lowest level is obstructed, it will spread out in the immediate vicinity of such outlet; and also that debris or logs carried along by running water would naturally be deposited so as to obstruct the outlet if they were of a size sufficient to prevent be-

ing carried through it. As to the duty to anticipate the particular rain in question, it is alleged that it was no more heavy or intense than common experience of those working and living in the vicinity should have led them to expect, and no more intense than other rains occurring several times a year in the general vicinity; that the defendants should have known these facts both by general physical inspection of the surface of the slope, and also because of their special knowledge, they being experts and men of experience in the methods and results of excavation and grading involved in such work; that the rain, although heavy, was not as heavy as other rains, and was not unprecedented or too heavy to have been foreseen by the exercise of ordinary care. These allegations are sufficient to make a jury question as to (a) whether the rain was not within that category of unforeseeable acts of nature unmixed with human negligence, and classified as an act of God unmixed with and unaffected by human agency; and (b) whether, because of previous occurrences of other like rains—taking into account the special knowledge of the defendants—the defendants in the exercise of ordinary care should have anticipated that such a rainfall might occur and the physical consequences of its occurrence. See *Goble* v. *L. & N. Railroad Co.*, 187 *Ga.* 243 (4) (200 S. E. 259); *Sampson* v. *General Electric Supply Corp.*, 78 *Ga. App.* 2 (3) (50 S. E. 2d 169); *Central Ga. Electric &c. Corp.* v. *Heath*, 60 *Ga. App.* 649, 652 (4 S. E. 2d 700).

In view of the allegation that the logs blocked the catch basins, decreasing their capacity, and that, with the escape of water thus retarded by the logs, the water "as a result of all of the foregoing" rose to such height that it overflowed into the plaintiff's warehouse—it cannot be effectively argued that the petition, even construed strongly against the pleader, affirmatively shows that the flooding would have occurred whether or not the defendant was negligent in placing the logs. The petition distinctly alleges the contrary proposition, which is that the water rose as a result of the blocking of the outlet. Accordingly, a jury question is present, both as to whether the defendant was negligent, and as to whether such negligence proximately resulted in the plaintiff's injury. The trial court did not err in overruling the general demurrer to the petition filed by the defendant subcontractor, Allgood Brothers.

■ What has been said above relating to the alleged negligence of Allgood Brothers as the proximate cause of the damages sustained applies with equal force to Henry Newton Company if, but only if, the latter company is liable for negligence of the former under any of three theories propounded by the plaintiff, Southern Mills, Inc., which are here discussed.

■ First, it is contended that the exception embodied in Code § 105-502 (3) renders an employer liable for the negligence of a contractor where the wrongful act is the violation of a duty imposed by express contract upon the employer. It is alleged that "the express contract between Fulton County and Henry Newton Company required the defendant Henry Newton Company to do all of the work 'in accordance with the laws of the State of Georgia,' and that the laws of the State of Georgia required the defendant Henry Newton Company to maintain a safe and proper barricade which would not harm the public or surrounding land owners." As no specific law is cited requiring a contractor to maintain safe and proper barricades, it is assumed that this allegation refers to the legal duty common to all people, and here specifically made a contract obligation, to refrain from injuring others, and to use ordinary care to that end, which duty applies equally to the erection of barricades as to other phases of the work. See *Doby* v. *W. L. Florence Construction Co.*, 71 *Ga. App.* 888 (32 S. E. 2d 527). Since this duty relates merely to giving warning to others who might be injured through failure to do so, but since this warning may be given, where necessary, in any effective manner, the act of the subcontractor in negligently erecting barricades would be a collateral tort for which the prime contractor would not be liable (see *Dekle* v. *Southern Bell Tel. &c. Co.*, 208 *Ga.* 254, 258, 66 S. E. 2d 218; *Atlanta & Fla. R. Co.* v. *Kimberly,* 87 *Ga.* 161, 13 S. E. 277, 27 Am. St. R. 231), and not a specific contract obligation coming within this exception. Accordingly, liability may not be assessed under this theory.

■ Another theory under which the plaintiff contends that it is entitled to recover from the defendant Henry Newton Co. is that, while the defendant Allgood Brothers was the subcontractor of this defendant, and while the negligence of Allgood Brothers was the proximate cause of the damage, the defendant Henry Newton Company, as the prime contractor, is neverthe-

less liable under the exception set out in Code § 105-502 (6), providing in substance for such liability where the employer ratifies the unauthorized wrong of the independent contractor. A proper interpretation of the petition, however, discloses that the logs furnished by the prime contractor to the subcontractor to be used as a barricade were not a part of the contractual working agreement, that the work of the independent contractor had not been completed and accepted by the prime contractor, and that the negligence of the subcontractor in placing the logs as a barricade was not known to the prime contractor. See, in this connection, *Atlanta & Florida R. Co.* v. *Kimberly,* supra, at page 172. Ratification of the wrongful act may result from acceptance of the work on the theory that acceptance shifts the responsibility for maintaining the work in its defective condition to the employer. *Hickman* v. *Toole,* 31 *Ga. App.* 230 (2) (120 S. E. 438). Even acceptance of benefits will not ratify an independent collateral tort committed in procuring the benefit, as the ratification must be, not of the contract, but of the unauthorzied wrong. *Calvert* v. *Atlanta Hub Co.,* 37 *Ga. App.* 295, 298 (139 S. E. 917). Ordinarily, in order to ratify an act, one must have knowledge of the act. See *Turner* v. *Joiner,* 77 *Ga. App.* 603 (4b) (48 S. E. 2d 907).

Nor is ratification shown by the fact, standing alone, that the employer or contractor furnished the materials for the work to the employee or subcontractor, where negligence in the use of the materials by the subcontractor, rather than a defect inherent therein, causes the damage. See *Lampton* v. *Cedartown Co.,* 6 *Ga. App.* 147 (2) (64 S. E. 495); *Edmondson* v. *Town of Morven,* 41 *Ga. App.* 209 (3, 4) (152 S. E. 280). No cause of action is set out under this theory.

However, while it appears from the above that Henry Newton Company is not liable under any exception to the general rule that ordinarily employers are not liable for the negligence of independent contractors, nevertheless, if the petition sets out a cause of action on any theory, it is not subject to general demurrer. *Citizens & Southern Bank* v. *Union Warehouse &c. Co.,* 157 *Ga.* 434 (122 S. E. 327). In that connection, it is contended that the allegations of the petition are sufficient to show that the logs furnished by the defendant Henry Newton Company to

the defendant Allgood Brothers for the purpose for which they were used were furnished for the benefit of both defendants in connection with the discharge of a duty jointly owed to the public; that the negligent use of these logs by the defendant Allgood Brothers and for its benefit as well as the benefit of the defendant Henry Newton Company constituted a joint undertaking which created a relationship establishing liability of the defendant Henry Newton Company, equivalent to that which exists under a joint venture or agency relationship in connection with this particular operation, the same not being part of the work contracted to be done. Since the petition alleges that both defendants had dominion over the area blocked off by the barricade of logs, and that each was doing work pursuant to their respective contracts within this area, there is nothing inconsistent between the relationship of prime and subcontractor as to the work specified in the contract, and that of principal and agent with reference to the putting up of the barricade by the defendant Allgood Brothers on behalf of the defendant Henry Newton Company. As between these parties, there could be a relationship of prime and subcontractor in connection with the work specified to be done under the terms of the contract and also joint responsibility creating a liability in the nature of an agency relationship with respect to a separate operation incident to but not a part of the work specified in the contract. Accordingly, the allegations of the petition, to the effect that the defendant Henry Newton Company was in general possession, dominion, and control of the premises and was itself doing work thereon, that this defendant owed a duty to the general public to set up and furnish safe barricades, and that the logs which were used by the defendant Allgood Brothers in the barricade were furnished by the defendant Henry Newton Company for this purpose, resulting in the plaintiff's damages, state a cause of action as against the general demurrer of the defendant Henry Newton Company.

Although the amendment to the petition alleges that the defendant Henry Newton Company is liable "regardless of whether the defendant Allgood Brothers were agents or an independent contractor of the defendant Henry Newton Company," the theory of liability under the relationship of principal and agent is not repudiated by the amendment, as it was by the language of

paragraph 15 (d) of the original petition, which language was later stricken by the amendment. The foregoing allegations of the petition are sufficient to show that, with regard to the placing of the barricade, the defendant Allgood Brothers acted not only in its own behalf but in behalf of the codefendant, and that in this latter respect it was acting as agent of the defendant Henry Newton Company. In *Larkins* v. *Boyd*, 205 *Ga.* 69, 72 (52 S. E. 2d 307), it is stated: "This relation [of principal and agent] arises when one person authorizes another to act for him, or subsequently ratifies the acts of another in his behalf. Code § 4-101. Existence of an agency may be established by proof of circumstances, apparent relations, and conduct of the parties. *Cable Company* v. *Walker*, 127 *Ga.* 65 (56 S. E. 108)." Code § 4-101 provides in part that the relation of principal and agent arises wherever one person, expressly or by implication, authorizes another to act for him. The petition here sets out facts sufficient, if proved, to show such implied authorization, for which reason the trial court erred in sustaining the general demurrer in case No. 35524.

*Judgment reversed as to case No. 35524 and affirmed as to No. 35525. Gardner, P. J., and Carlisle, J., concur.*