A96A0005. STANLEY et al. v. FIBER TRANSPORT, INC. et al.
(470 SE2d 767)

Judge Harold R. Banke.

William F. Stanley and Brenda W. Smith, widow of Herbert E. Smith ("Stanley"), sued Fiber Transport, Inc. ("Fiber"), Wood Chip Transport, Inc. ("Wood Chip"), and Delbert Davis, a truck driver, for personal injuries and wrongful death resulting from a trucking accident. Citing both federal and Georgia law, Stanley alleged that Fiber and Wood Chip were Davis' statutory employers and that both trucking companies were responsible for Davis' negligence. Stanley appeals the trial court's grant of summary judgment in favor of Fiber and Wood Chip.

Viewed in a light most favorable to the non-movants, *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991), the evidence was as follows: Fiber had a contract with Stone Container Corporation, its only customer, to transport pine bark. When Fiber was unable to fulfill part of its contractual obligation to deliver pine bark to Florence, South Carolina, Wood Chip agreed to transport the material for a stipulated sum.

Wood Chip, however, did not transport the material. An employee of Wood Chip called a scale operator at a local mill and left word that any available trucker could pick up the bark. In response to this offer, three trailers belonging to D & D Trucking, owned by Davis, were loaded. While on route and at night, near Columbia, South Carolina, one of the D & D Trucking tractor trailers being driven by Davis, was involved in a fatal accident when William F. Stanley, the driver of an unrelated truck, collided at high speed with the allegedly poorly illuminated rear of Davis' truck. Stanley was seriously injured and his co-driver, Herbert E. Smith, was killed.

After the wreck, Davis submitted the weight ticket for the material delivered to Wood Chip who in turn billed Fiber. Wood Chip paid Davis $18 per ton less five percent and a workers' compensation deduction.

In support of summary judgment, Fiber presented evidence that Fiber understood that Wood Chip would haul the bark using its own personnel and equipment and that Fiber did not discover D & D Trucking's involvement until after the accident. An officer from Fiber testified that Fiber was unfamiliar with D & D Trucking and had never utilized D & D Trucking or Davis or leased a vehicle from either. Similarly, Wood Chip presented evidence that it did not learn that Davis was hauling the load until after the accident.

Determining that there was no legal theory on which to attribute any liability for the alleged negligence of Davis to either Fiber or Wood Chip, the trial court granted summary judgment to both Fiber and Wood Chip. Although Stanley enumerates seven errors, the key inquiry is whether either Fiber or Wood Chip was Davis' statutory employer under any legal theory, and if Davis was operating as an independent contractor, whether either trucking company could be held liable for Davis' alleged negligence. *Held*:

1. Federal motor carrier rules and regulations had no application under these facts, and Stanley cannot rely on them to impose liability on Fiber or Wood Chip. The Interstate Commerce Commission has general jurisdiction over interstate transportation of property by a motor carrier but lacks jurisdiction over the transport of certain exempt commodities including bark. 49 USC §§ 10521 (a) (1); 10526 (a) (6) (C). It is undisputed that at the time of the accident Davis was hauling bark. Because bark is an exempt commodity, the parties were not required by ICC regulations to enter into a lease agreement.

Stanley also claims that Fiber and Wood Chip were Davis' "employer" within the meaning of the Federal Motor Carrier Safety Regulations. However, Federal Motor Carrier Safety Regulations define an employer as "any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business, or assigns employees to operate it . . . ." 49 CFR § 390.5. Davis, not Fiber or Wood Chip, owned the truck involved in the accident and neither Fiber nor Wood Chip entered into any lease with Davis or had any knowledge of Davis' or D & D Trucking's involvement in the transport until after the collision. Nor did Fiber or Wood Chip assign any employee to operate the vehicle. Thus, neither Fiber nor Wood Chip were Davis' "employer" within the meaning of this statute. Nor was a "lease" created within the meaning of 49 CFR § 1057.11.

Federal safety rules, unlike the ICC rules, were applicable to the operation of Davis' truck because even exempt carriers are subject to federal safety rules. However, federal safety rules do not, as a matter of law, create a lease or make Fiber or Wood Chip responsible for the safe operation of Davis' truck.

2. Relying on the ICC's broad definition of a lease under 49 USC

§ 11107, Stanley contends that the trial court erred in determining that neither Fiber nor Wood Chip entered into a lease with Davis for the use of his truck. We disagree. As we determined in Division 1, ICC rules have no application since the load involved was an exempt commodity under ICC rules.

Nor do we find Georgia authority creating a lease. It is undisputed that there was no written lease for the use of Davis' truck. Wood Chip agreed to haul the material for Fiber then extended an open offer for any available trucker to haul the material at a stipulated rate per ton and D & D Trucking accepted. Stanley has offered no Georgia authority and we have found none for the proposition that this informal arrangement created an oral lease. Compare *Nationwide Mutual Ins. Co. v. Holbrooks*, 187 Ga. App. 706 (371 SE2d 252) (1988) (to protect general public, motor carriers must assume full direction and control over leased trucks).

3. No employer/employee relationship between Davis and Fiber or Davis and Wood Chip existed under federal statutory law or Georgia common law. Stanley's reliance on federal trucking regulations which for public policy reasons virtually eliminate the distinction between an employee and an independent contractor is misplaced because ICC regulations do not apply when an exempt commodity is being transported.

As to the applicability of Georgia common law, we are unable to find support for Stanley's contention that Davis was an employee. The distinction between employer/employee and carrier/independent contractor lies in the degree of control the trucking company exercises over the driver and his truck. See *Wright v. Transus, Inc.*, 209 Ga. App. 771 (434 SE2d 786) (1993). Fiber and Wood Chip's control was nonexistent. There was no lease between Davis and either trucking company; Davis drove for himself; Davis was not on-call for anyone; and Davis, the truck owner, controlled the use of his own equipment and drivers. Compare *Wright*, 209 Ga. App. at 772-773. See *Loudermilk Enterprises v. Hurtig*, 214 Ga. App. 746 (449 SE2d 141) (1994) (physical precedent only, Court of Appeals Rule 33 (a)).

4. The trial court properly determined that the Georgia Forest Products Trucking Rules are inapplicable. Those rules apply only to the extent that they do not conflict with Georgia law and cannot be used as a separate basis of liability in conflict with Georgia statutory and common law.

5. Liability cannot be imputed to either Fiber or Wood Chip under any of the subsections of OCGA § 51-2-5. "An employer is liable for the negligence of a contractor: (3) [i]f the wrongful act is the violation of a duty imposed by express contract upon the employer; (4) [i]f the wrongful act is the violation of a duty imposed by statute; (5) [i]f the employer retains the right to direct or control the time and man-

ner of executing the work . . .; or (6) [i]f the employer ratifies the unauthorized wrong of the independent contractor." Id.

Because it is undisputed that there was no express contract between the parties, OCGA § 51-2-5 (3) had no application. See *Toys 'R' Us v. Atlanta Economic Dev. Corp.*, 195 Ga. App. 195, 196 (1) (A) (393 SE2d 44) (1990) (OCGA § 51-2-5 (3) requires express obligation by the employer to be responsible for the independent contractor's conduct).

OCGA § 51-2-5 (4) did not apply because Stanley failed to show there was a violation by either Fiber or Wood Chip of a duty imposed by a federal or Georgia statute. See Divisions 1 and 4.

Nor did OCGA § 51-2-5 (5) apply because neither Fiber nor Wood Chip ever possessed or retained the right to direct or control the time and manner of executing the work. Davis owned the truck he was driving when the collision occurred and provided the insurance for his truck. In addition, Davis chose the driver of this truck as well as D & D's other two trucks making the out-of-state delivery. Davis selected the route. Fiber had no connection with Davis other than reimbursing Wood Chip for Davis' work. Accordingly, Fiber cannot be held responsible under this subsection. Compare *Peachtree-Cain Co. v. McBee*, 254 Ga. 91 (327 SE2d 188) (1985) (employer liable for intentional torts of an independent contractor where subject to employer's immediate direction and control).

Moreover, Stanley presented no evidence that Wood Chip retained a right to supervise D & D Trucking and that Davis was not entirely free to do the work his own way. See *Englehart v. OKI America*, 209 Ga. App. 151, 152 (1) (a) (433 SE2d 331) (1993). Although it is true that Wood Chip had used D & D Trucking's services before, especially in the month prior to the incident at issue, there is no evidence that Wood Chip retained any right to control the time, manner, or method of D & D Trucking's operation, or directed and supervised Davis. *Englehart*, 209 Ga. App. at 152.

As to the application of OCGA § 51-2-5 (6), neither Fiber nor Wood Chip ratified the alleged unauthorized wrong of Davis. Ordinarily, in order to ratify an act, one must have knowledge of it. *Southern Mills v. Newton*, 91 Ga. App. 738, 743 (2) (b) (87 SE2d 109) (1955). In this case, both Fiber and Wood Chip were unaware that Davis and D & D Trucking were transporting the bark until after the accident.

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED APRIL 18, 1996.

*Johnson & Ward, John C. Dabney, Jr., Debbie C. Pelerose*, for

appellants.

*Fulcher, Hagler, Reed, Hanks & Harper, Ronald C. Griffeth, All-good, Childs, Mehrhof & Millians, Richard R. Mehrhof, Jr.,* for appellees.