## A96A2165. CLAYTON et al. v. EDWARDS.
### (483 SE2d 111)

BLACKBURN, Judge.

Clayton's Collection & Recovery Service, Inc. (CCR) and J. Kenneth Clayton appeal the denial of their motion for summary judgment on Richard Lee Edwards' claim for damages arising out of an automobile accident in which Edwards was injured.

Clayton is the owner and president of CCR, a corporation in the business of repossessing automobiles for lenders. In September 1992, CCR was hired by NationsBank to repossess a 1989 Chevrolet Astro van. CCR subcontracted the repossession assignment out to Robbie Johnson, an independent contractor who performed about half of CCR's repossessions at the time.

Johnson came to CCR's office to pick up a key to the van. At about the same time, Brian Hall, another individual CCR used from time to time to repossess vehicles, came to CCR's office to borrow Clayton's personal pickup truck to move some of Hall's personal belongings. Clayton loaned Hall his pickup truck, which contained a hoist that could be used for towing vehicles. Clayton did not hire Hall to repossess the Chevrolet Astro van and did not authorize Hall to use Clayton's truck to assist Johnson in the repossession.

The next morning, Clayton found the repossessed van and Clayton's pickup truck in CCR's parking lot. Clayton noticed that the truck had been damaged as if it had been in an accident. CCR paid Johnson his fee for repossessing the van.

As it turns out, Hall had assisted Johnson in the repossession and was involved in an accident with Edwards while towing the van with Clayton's personal pickup truck. Clayton testified that he and CCR were unaware of any involvement by Hall in the repossession.

Edwards brought this action against Clayton and CCR, alleging that they were liable for Hall's negligent acts under theories of agency, respondeat superior and ratification. The trial court denied

Clayton and CCR's motion for summary judgment, finding there were issues of fact as to whether they ratified Hall's actions. For the reasons discussed below, we reverse the trial court's denial of summary judgment as to Clayton and CCR.

This Court considers de novo the entire record before it on review of denial of a motion for summary judgment to determine if there were genuine issues of material fact which would preclude summary judgment or whether, instead, any such disputes were immaterial and the movant was entitled to summary judgment as a matter of law. *Cambridge Mut. Fire Ins. Co. v. Okonkwo*, 218 Ga. App. 59, 61 (1) (460 SE2d 302) (1995). If a defendant who will not bear the burden of proof at trial points to an absence of evidence to support the plaintiff's case, the plaintiff, to avoid summary judgment, may not rest on his pleadings, but must point to specific evidence giving rise to a triable issue. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

1. Under Georgia law, an employer is generally not liable for the torts of an independent contractor. OCGA § 51-2-4. OCGA § 51-2-5 (5), however, provides an exception to this general rule of nonliability where "the employer retains the right to direct or control the time and manner of executing the work or interferes and assumes control so as to create the relation of master and servant or so that an injury results which is traceable to his interference." Edwards argues that CCR exercised sufficient control over Hall to render it liable for Hall's torts.

This argument is without merit. The undisputed evidence shows that CCR hired Johnson, not Hall, to repossess the van. Clayton testified that CCR exercised no control over the time or manner of repossessing the van, but left such matters to Johnson's discretion. See *Ross v. Ninety-Two West, Ltd.*, 201 Ga. App. 887, 891 (3) (412 SE2d 876) (1991) (chief test for determining independent contractor relationship is " ' "whether the contract gives, or the employer assumes, the right to control the time, manner, and method of executing the work as distinguished from the right merely to require certain definite results in conformity to the contract" ' "). Edwards has offered no evidence to contradict this testimony or to show that CCR exercised control over Johnson's work.

Instead of presenting evidence that *Johnson* was subject to CCR's control, Edwards points to a provision in *Hall's* standing contract with CCR in an attempt to show the requisite degree of control by CCR over Hall. This contract provided that Hall would repossess vehicles identified to Hall by CCR and would be paid a fee per vehicle repossessed. Although the contract stated that CCR "will not teach, dictate, describe, or indicate the method to be used in repossessing vehicles," and that Hall "is free to locate and repossess vehicles at

any time convenient to [Hall]," it also stated that Hall "shall be furnished with a suitable vehicle, which he shall use to repossess any and all vehicles, whose identity is provided to [Hall] by [CCR]." Edwards argues that this provision demonstrates that CCR exercised sufficient control over Hall's actions to subject CCR to liability.

Edwards' argument is without merit, since Hall's contract is not applicable to the repossession at issue. Hall's contract governs only those situations in which CCR hires *Hall* to repossess a vehicle. In this case, the undisputed evidence shows that CCR hired *Johnson* to repossess the van as an independent contractor. As an independent contractor, Johnson was free to hire and pay assistants at his discretion. If Hall participated in the repossession, it was not pursuant to his standing contract with CCR, but pursuant to a separate agreement between Hall and Johnson. As there is no evidence that *Johnson* had a similar written contract with CCR requiring him to use specified trucks to effect repossessions or otherwise giving CCR control over the time, manner and method of performing his work, CCR is not liable under OCGA § 51-2-5 (5) for Johnson's assistant's alleged torts.

2. OCGA § 51-2-5 (6) creates an additional exception to the general rule of nonliability where "the employer ratifies the unauthorized wrong of the independent contractor." However, this exception also is not applicable in this case. For an employer to be liable for the acts of its independent contractor, it must ratify the unauthorized wrongful acts of the contractor. OCGA § 51-2-5 (6); *Wilmock, Inc. v. French*, 185 Ga. App. 259, 261 (1) (363 SE2d 789) (1987). "Ordinarily, in order to ratify an act, one must have knowledge of the act." (Citations and punctuation omitted.) Id. "Where the principal ratifies the tort of the agent after its commission, the liability of the principal is the same as if he had commanded it, provided the ratification is had with full knowledge on the part of the principal of the manner in which the tort was committed." *Stinespring v. Fields*, 139 Ga. App. 715, 717 (1) (229 SE2d 495) (1976).

Clayton testified that he and CCR were unaware of any involvement by Hall in the repossession. Edwards has presented no evidence to contradict this testimony or to show that CCR and Clayton had knowledge of the circumstances surrounding the accident. Therefore, there is no factual question as to whether CCR and Clayton ratified the alleged wrongful act.

Furthermore, the fact that CCR accepted its fee for the repossession and paid Johnson for his services does not demonstrate that CCR ratified Hall's alleged wrongful acts. "[A]cceptance of benefits will not ratify an independent collateral tort committed in procuring the benefit, as the ratification must be, not of the contract, but of the unauthorized wrong. [Cit.]" *Southern Mills v. Newton*, 91 Ga. App.

738, 743 (2) (b) (87 SE2d 109) (1955).

3. Edwards has not presented any evidence sufficient to impose personal liability on Clayton. There is no evidence that Clayton personally entered into any agreement with either Hall or Johnson regarding repossession of the van. Clayton's status as officer and shareholder of CCR does not render him personally liable for corporate acts. See *Commonwealth Financial Corp. v. Sherrill*, 197 Ga. App. 403 (1) (398 SE2d 438) (1990). Edwards has not alleged or offered any evidence that Clayton was negligent in entrusting his personal vehicle to Hall. Accordingly, Clayton is entitled to summary judgment on all claims against him personally.

4. Edwards' argument that this appeal should be dismissed because the trial court's certificate of immediate review did not conform to the exact language of OCGA § 5-6-34 (b) is without merit. The certificate issued by the trial court stated that "immediate review of this Court's Order denying the Motion for Summary Judgment of Defendants J. Kenneth Clayton and Clayton's Collection and Recovery, Inc. should be had, and that direct appeal of such matter is proper." OCGA § 5-6-34 (b) provides for interlocutory appeal where the trial court certifies that the order "is of such importance to the case that immediate review should be had." The language used by the trial court substantially complies with the statute, and this appeal is therefore proper. See *Bibb County v. McDaniel*, 127 Ga. App. 129 (1) (192 SE2d 544) (1972) (allowing appeal where substantial compliance with statute shown); *State Hwy. Dept. v. Lord*, 123 Ga. App. 178, 179 (1) (179 SE2d 780) (1971) (same).

*Judgment reversed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED JANUARY 27, 1997 —
RECONSIDERATION DENIED MARCH 5, 1997 — 

*Casey, Gilson & Williams, Robert E. Casey, Jr., Sandra Gray, Matthew P. Stone, Thomas G. Hotard, Jr.*, for appellants.

*Sullivan, Hall, Booth & Smith, Robert L. Shannon, Jr., Alfonza Pearl*, for appellee.