A98A2051. WIDNER et al. v. BROOKINS, INC. et al.
(512 SE2d 405)

POPE, Presiding Judge.

Betrice Widner suffered injuries when her car fell into a trench that had been dug across a public road to lay a telephone cable. Bell South Telecommunications, Inc. had contracted with appellee Brookins, Inc. to lay the cable, and Brookins, in turn, had sub-contracted with Pro Grassing & Grading, Inc. to perform the actual work. Betrice Widner and her husband, William O. Widner, sued Bell South and Brookins, and Brookins filed a third-party complaint against Pro Grassing.

This is the second appearance of this matter before this Court. In *Bell South Telecommunications v. Widner*, 229 Ga. App. 634, 637 (495 SE2d 52) (1997), we reversed the trial court's denial of Bell South's motion for summary judgment and remanded the case with the direction that summary judgment be entered in Bell South's favor.[1] After remand, Brookins moved for summary judgment, and the trial court granted the motion. The Widners appeal, and we affirm.

1. The Widners contend that Pro Grassing was acting as an employee and agent of Brookins, not as an independent contractor, in laying the telephone cable, and thus contend that Brookins is liable under respondeat superior for any negligence of Pro Grassing. However, we found in the earlier appeal that Pro Grassing was performing the work on the telephone cable as an independent contractor of Brookins. *Bell South Telecommunications v. Widner*, 229 Ga. App. at

---

[1] A more complete statement of the underlying facts appears in our earlier opinion. *Bell South Telecommunications v. Widner*, 229 Ga. App. at 634-635.

636 (1). Because the Widners introduced no additional evidence on this issue in response to Brookins' motion for summary judgment, that finding remains the law of the case. See *Lowman v. Advanced Drainage Systems*, 228 Ga. App. 182, 184-185 (491 SE2d 427) (1997); *McLean v. Continental Wingate Co.*, 222 Ga. App. 805, 807 (1) (476 SE2d 83) (1996). Thus, the Widners' argument that Brookins could be liable under respondeat superior is without merit.

2. As a general rule, an employer is not liable for the torts of an independent contractor. OCGA § 51-2-4. Nevertheless, the Widners contend that Brookins is vicariously liable for any negligence on the part of Pro Grassing. They raise a number of different arguments to support this contention, relying upon OCGA § 51-2-5, which sets out various exceptions to the general rule. However, they raised only two of these arguments before the trial court. Because this Court cannot consider arguments that were neither raised nor ruled upon in the trial court, we will consider only those arguments addressed below. See *Chrison v. H & H Interiors*, 232 Ga. App. 45, 50 (2) (500 SE2d 41) (1998); *Siegrist v. Iwuagwa*, 229 Ga. App. 508, 511 (1) (494 SE2d 180) (1997).

(a) The Widners first argue that Brookins is liable for Pro Grassing's negligence because it violated a duty imposed upon Brookins by an express contract. Although the Widners do not cite to the statute, their argument tracks the language of OCGA § 51-2-5 (3), which provides that an employer is liable for the negligence of a contractor "[i]f the wrongful act is a violation of a duty imposed by express contract upon the employer."

The Widners have failed on appeal to point to any express contractual obligation imposed upon Brookins. Instead, they rely upon case law to argue that Brookins had an implied duty to restore the road to its original condition after the utility work was completed. Such an implied obligation does not impose liability upon Brookins under the statute. We have interpreted the exception outlined in OCGA § 51-2-5 (3) "as requiring an express obligation by the employer to be responsible for the independent contractor's conduct. [Cits.]" *Toys 'R' Us v. Atlanta Economic Dev. Corp.*, 195 Ga. App. 195, 196 (1) (A) (393 SE2d 44) (1990).

Because nothing in the record indicates that Brookins contracted to be responsible for Pro Grassing's conduct, this exception to the general rule does not apply. *Toys 'R' Us*, 195 Ga. App. 195. See also *Stanley v. Fiber Transp.*, 221 Ga. App. 171, 174 (5) (470 SE2d 767) (1996). Cf. *Southern Mills v. Newton*, 91 Ga. App. 738, 742 (2) (a) (87 SE2d 109) (1955).

(b) The Widners also cite OCGA § 51-2-5 (6), which provides that an employer may be liable for the negligence of an independent contractor "[i]f the employer ratifies the unauthorized wrong" of the con-

tractor. The Widners contend that Brookins ratified Pro Grassing's actions because it accepted Pro Grassing's work on the project. See, e.g., *Wilmock, Inc. v. French*, 185 Ga. App. 259 (363 SE2d 789) (1987). They base this argument on Betrice Widner's testimony that T. L. Edmonds, a "go-between" hired by Bell South, told her that the trench had been re-opened and some of the cable re-laid. She stated that Edmonds told her that when the trench was re-filled, the dirt had not been compacted properly because it had begun to rain before the work was finished.

However, this testimony does not raise a factual issue regarding ratification on the part of Brookins. Edmonds was not an employee of Brookins; he was an independent contractor hired by Bell South to secure right-of-way for the company to lay telephone cable. Therefore, Edmonds was not speaking for Brookins in describing these events. Betrice Widner also testified that the actions Edmonds was describing were undertaken by the company that originally laid the cable, which was Pro Grassing. Nothing in this recounting of events reflects any acts of acceptance or ratification or otherwise on the part of Brookins. To ratify an act of an independent contractor, one must have knowledge of the act. *Clayton v. Edwards*, 225 Ga. App. 141, 143 (2) (483 SE2d 111) (1997); *Southern Mills v. Newton*, 91 Ga. App. at 743 (2) (b). Nothing in the record indicates that Brookins had any knowledge of Pro Grassing's re-trenching activities at the time of the accident. Thus, nothing in the record supports the Widners' ratification argument.

3. The Widners also argue that the trial court erred in granting Brookins' motion because they assert that Brookins has admitted liability. Betrice Widner stated in her deposition that Herschiel Brookins, president of Brookins, Inc., visited her home shortly after the accident along with Bonnie Stephens, a Pro Grassing representative, and Edmonds, the "go-between" sent by Bell South. She testified that during the visit Herschiel Brookins stated that he would pay her medical bills, but said that the Widners would have to go through Bonnie Stephens of Pro Grassing for payment. The Widners argue that Herschiel Brookins was acting for Brookins, Inc. in offering to pay the medical bills and that the offer was an admission of liability.

However, as discussed in Divisions 1 and 2, Brookins has no vicarious liability in this case. Thus, the Widners "would have us hold that even where there is no legal liability, a defendant may be held legally liable if he agrees to pay. There is no authority for this position. An admission of liability has efficacy only if there is liability. If there is none, then the statements of the alleged tortfeasor constitute merely expressions of sympathy, benevolence, or an acceptance of *moral* responsibility." (Emphasis in original.) *Neubert v. Vigh*, 218 Ga. App. 693, 695 (462

SE2d 808) (1995) (Beasley, C. J., concurring specially). " '[A]ctivity constituting a voluntary offer of assistance made on the impulse of benevolence or sympathy should not be considered as an admission of liability.' *Deese v. Carroll City County Hosp.*, 203 Ga. App. 148, 150 (416 SE2d 127) (1992); *Rosequist v. Pratt*, 201 Ga. App. 45, 46 (410 SE2d 316) (1991)." Id. at 694.

Moreover, it appears from the surrounding circumstances that Herschiel Brookins' statement was simply a sympathetic offer of assistance and was not intended as an admission of liability on the part of the corporation. In fact, Herschiel Brookins qualified the offer by stating that any medical assistance would have to come through Pro Grassing's representative. This statement is consistent with the position that Brookins, Inc. has taken in this lawsuit in naming Pro Grassing as a third-party defendant. Further, Betrice Widner conceded that, although she had had an earlier discussion about the cause of the accident with Edmonds, Herschiel Brookins never discussed the reasons for the accident when he and Stephens accompanied Edmonds to her home.

Therefore, we find that no admission of liability occurred and that the trial court correctly granted Brookins' motion for summary judgment.

*Judgment affirmed. Beasley, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 19, 1999.

*Ronnie J. Lane, William M. Shingler*, for appellants.
*Langley & Lee, Donald W. Lee*, for appellees.