

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-11-00385-CV
_____

ERMA GONZALES RAMIREZ, INDIVIDUALLY, AND AS REPRESENTATIVE OF THE
ESTATE OF RAYMOND RAMIREZ DECEASED, AND AS NEXT FRIEND OF L.R., J.R.,
M.R. AND R.R., MINORS, AND JANIE CROSBY, SAMUEL LEE JACKSON,
INDIVIDUALLY AND AS NEXT FRIEND OF T.C.J., A MINOR CHILD AND
AS PERSONAL REPRESENTATIVE OF THE ESTATE OF
REXEE JO JACKSON, DECEASED, APPELLANTS

V.

ROBERT GARCIA AND CUAHUTEMOC ("TIM") GONZALEZ, APPELLEES

_____

On Appeal from the 154th District Court
Lamb County, Texas
Trial Court No. 17,796, Honorable Felix Klein, Presiding

_____

August 29, 2013

CONCURRING AND DISSENTING OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

The court affirms the trial court's grant of summary judgment in favor of
Cuahutemoc ("Tim") Gonzalez on Samuel Lee Jackson's claim based on the allegation
of negligent loading of the tandem truck. I join in the affirmance of summary judgment
on that claim, and in the parts of the court's opinion addressing it.

I also join in the court's disposition of the issues brought on appeal by Erma Ramirez and Janie Crosby, and in the parts of the court's opinion addressing those issues.

However, I am unable to agree with the court's reversal of the trial court's grant of summary judgment on Jackson's claim seeking to impose liability on Gonzalez under the federal motor carrier safety regulations (FMCSR).

Under the FMCSR an employer is defined as "Any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business, or assigns employees to operate it . . . ." 49 C.F.R. § 390.5. Relying on *Martinez v. Hays Construction, Inc.*, 355 S.W.3d 170, 183 (Tex.App.—Houston [1st Dist.] 2011, no pet.), the court concludes an issue of fact exists as to whether Gonzalez "assigned" employees to operate the trucks owned by Robert Garcia's 3R/Garcia Trucking so as to qualify as a statutory employer.[1] In my judgment, the summary judgment record contains no evidence Gonzalez was the statutory employer of Ramirez, the driver of the tandem truck.

The court points to evidence Gonzalez told the truck drivers where the field being harvested was located and where they were to haul the silage. Surely virtually every

---

[1] While the court focuses on evidence Gonzalez assigned drivers, Jackson's brief urged, "This Court should join the overwhelming majority of courts to decide this issue and hold that one who leases a commercial motor vehicle is the statutory employer of the driver of that vehicle, even if the lessor calls the driver an 'independent contractor.'" I see in the evidence no indication Gonzalez leased the tandem truck driven by Ramirez, and the court implicitly rejects Jackson's contention there was a lease. *See Stanley v. Fiber Transp.,* 470 S.E.2d 767, 769-70 (Ga. App. 1996) (noting federal safety rules do not create a lease where none otherwise exists).

person who finds it necessary to hire a truck to haul a cargo also must tell the trucker where to get the cargo and where to haul it. That Gonzalez did so seems to me no evidence that he thereby "assigned" the truck driver to operate the truck.[2]

The court points also to evidence that Gonzalez's employees loaded the trucks and signaled the drivers when the load was full. Again, these unremarkable facts seem to me no evidence of assignment of drivers.

Thirdly, the court finds it significant that Gonzalez testified he retained the authority to refuse to load a truck he considered unsafe. Keeping in mind that the assignment leading to statutory employer status is assignment of drivers, not vehicles,[3] I am unable to see any evidence of assignment of drivers in Gonzalez's authority to disqualify a truck belonging to 3R/Garcia Trucking from the job if he considered it unsafe.

Taken individually or together, and viewing them in the light most favorable to the non-movants, these evidentiary facts show nothing more than Gonzalez hired 3R/Garcia Trucking to haul silage from the field to the feedyard and he would not have

---

[2] *See Schramm v. Foster,* 341 F.Supp.2d 536 (D. Md. 2004), in which the court found a brokering company was not the statutory employer of a truck driver under the FMCSR. *Id.* at 548. The actions of the brokering company included directing the driver to pick up and deliver the load at specific times, and included giving directions from the warehouse in Missouri to the destination in New Jersey. *Id.* at 543.

[3] Employees, under the FMCSR, are individuals. *See* 49 C.F.R. § 390.5 (defining employee). And, as the court points out, the definition includes an independent contractor while in the course of operating a commercial motor vehicle. It follows that a person, like Gonzalez, becomes a statutory employer through assigning employees only by assigning individuals to operate motor vehicles.

loaded the tandem truck if he had seen the condition of its tires. Nothing in their transaction is evidence that Gonzalez assigned drivers for Garcia's trucks.

As the court accurately states, the facts in *Martinez* were similar. *See Martinez*, 355 S.W.3d at 173-74. The court of appeal's conclusion in that case that there was a fact issue whether Hays Construction assigned drivers to haul the excavated dirt may be supported by the evidence Hays dealt with individual drivers with their own trucks, *see, e.g.*, *Martinez*, 355 S.W.3d at 185–86 (noting court had found evidence sufficient to raise a fact issue regarding whether Hays hired Delfino Bello, the negligent driver); and by evidence that Hays Construction made a daily decision regarding the number of loads requiring hauling, *id.* at 173. All the trucks in this case were owned by 3R/Garcia Trucking, and we are not made aware of any summary judgment evidence that Gonzalez had dealings with the drivers of Garcia's trucks individually, other than the evidence the court notes.

I would affirm the trial court's summary judgment in favor of Gonzalez on Jackson's claims under the FMCSR, and respectfully dissent from the court's failure to do so.


James T. Campbell
Justice


4