# Court of Appeals
# of the State of Georgia

ATLANTA,  May 29, 2018

*The Court of Appeals hereby passes the following order:*

## A18I0177.  FEDERATED CAPITAL CORP. v. ERIC LINCOLN d/b/a 3RD TEAM ATHLETICS.

On April 16, 2018, the trial court entered an order granting Federated Capital Corp.'s motion to domesticate a foreign judgment.  In the same order, the trial court sua sponte set that judgment aside under OCGA § 9-11-60 (d) and stated that "[t]he parties are invited to file a Notice of Appeal with the Court of Appeals."  On April 26, 2018, Federated filed an application for interlocutory appeal in this Court, but did not include a certificate of immediate review with the application.[1]  This Court's clerk's office notified Federated of the missing certificate and advised that Federated could supplement its application with that document.  On May 14, 2018, Federated supplemented its application with a certificate of immediate review, signed by the trial court and stamped "filed" on May 4, 2018.  We lack jurisdiction because the certificate of immediate review was not timely entered.

Under OCGA § 5-6-34 (b), a party may request interlocutory review of a non-final order, decision, or judgment only if the trial court "certifies within ten days of entry thereof that the order, decision, or judgment is of such importance to the case that immediate review should be had."[2]  If the certificate of immediate review is not

---

[1] Instead, in the section of the Court's e-filing system for a "Certificate of Immediate Review," Federated uploaded a second copy of the order sought to be appealed.

[2] We have held that the language in a certificate of immediate review need not "conform to the exact language of OCGA § 5-6-34 (b)" and that substantial

entered within that ten-day period, it is untimely, and the party seeking review must wait until the final judgment to appeal. See OCGA § 5-6-34 (b); *Wilcher v. Confederate Packaging*, 287 Ga. App. 451, 452 (1) (651 SE2d 790) (2007). In this case, the certificate of immediate review was entered 18 days after entry of the order Federated wishes to appeal. Federated's failure to comply with the required appellate procedure deprives us of jurisdiction over this application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
          *Clerk's Office, Atlanta,   05/29/2018          *
          *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
          *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

compliance is sufficient. *Clayton v. Edwards*, 225 Ga. App. 141, 144 (4) (483 SE2d 111) (1997). In this case, the language in the trial court's April 16 order inviting the parties to file an appeal did not substantially comply with the requirements for a certificate of immediate review set forth in OCGA § 5-6-34 (b).